# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**UNITED STATES OF AMERICA**

vs.                                                        Case No. 8:07-CR-201-T-27TBM

**RONNIE DELAUGHTER**

_____/

## ORDER

**BEFORE THE COURT** is Defendant's Motion for New Trial Under Rule 33 (Dkt. 48) and the Government's Response in Opposition (Dkt. 53). Upon consideration, Defendant's motion is DENIED.

Defendant was charged in a one count Indictment with knowingly and willfully distributing cocaine in violation of 21 U.S.C. § 841. (Dkt. 1). Defendant was convicted after a jury trial. (Dkts. 34, 44). The evidence at trial included the testimony of two law enforcement officers who purchased crack cocaine directly from Defendant, one of whom recognized Defendant as a classmate in junior high school. A forensic chemist testified and confirmed that the substance Defendant sold to the officers was crack cocaine. In sum, the evidence was direct and overwhelming.

One of the officers, Deputy Bennett, testified that immediately before the sale, he recognized Defendant and identified him by name to his partner because he had gone to junior high school with him. Bennett also testified that he had numerous contacts with Defendant while on uniformed patrol. On direct examination, Bennett testified that none of those contacts resulted in an arrest of Defendant.

Defendant's identity as the individual who sold crack cocaine to the officers was a contested issue at trial. Deputy Bennett's familiarity with Defendant and his encounters with Defendant while on uniformed patrol was therefore relevant and probative evidence supporting the Government's case. On cross examination, notwithstanding Bennett's direct examination testimony that none of his uniformed encounters with Defendant resulted in an arrest, defense counsel pressed the issue, resulting in Bennett confirming his direct testimony but spontaneously recalling that one encounter had resulted in an arrest.[1] Defendant's motion for mistrial was denied and the jury was immediately instructed to disregard the testimony regarding the prior arrest. The remark was not mentioned again. Any potential for prejudice was negated by the cautionary instruction, as juries are presumed to follow the Court's instructions. *See Stevens v. Zant*, 968 F.2d 1076, 1086 (11th Cir. 1992); *United States v. Bain*, 736 F.2d 1480, 1489 (11th Cir. 1984). The isolated remark by Deputy Bennett did not justify a mistrial and the Court's curative instruction negated any potential prejudice.

Contrary to Defendant's argument, Defendant's closing argument was not limited by the cautionary instruction nor was the burden of proof shifted to Defendant. The jury was properly instructed on the Government's burden of proof, including its burden of proving the identity of a defendant (Dkt. 43, pp. 3-4; 10) and on making credibility determinations (Dkt. 43, p. 6).

Where a motion for new trial is presented based upon grounds that errors were committed during trial, the convicted defendant has the burden of showing that (1) some error was in fact committed and (2) that such error was prejudicial to him. *United States v. Simms*, 508 F. Supp. 1188

---

[1] Given the bench conference conducted by the Court on this very issue, and the Government's inquiry of Bennett at the request of the Court and its subsequent representations to the Court and defense counsel at side bar, no improper conduct or bad faith is or could be attributed to the Government regarding Bennett's spontaneous recollection of the one prior arrest of Defendant.

(W.D. La. 1980). Even if an error is found, "it will be disregarded as harmless unless found to affect defendant's 'substantial rights' and the fairness of the trial." *Id.*; Rule 52(a), FED. R. CRIM. P.; *Gregory v. United States*, 365 F.2d 203 (8th Cir. 1966), *cert. denied*, 385 U.S. 1029 (1967). Here, Defendant has not established that any of this Court's trial rulings were erroneous, that his substantial rights were affected, or that his trial was unfair.

Rule 33 provides that "[t]he court on motion of a defendant may grant a new trial to that defendant if required in the interest of justice." Motions for new trials are granted sparingly, with caution and only in exceptional cases. *United States v. Martinez*, 763 F.2d 1297, 1313 (11th Cir. 1985). The interests of justice do not warrant a new trial in this case.

To the extent Defendant challenges the sufficiency of the evidence, his motion for new trial is likewise denied.[2] New trial motions based on weight of the evidence have been granted only where the credibility of the government's witnesses have been impeached and the "government's case had been marked by uncertainties and discrepancies." *Martinez,* supra. "The evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *Martinez*, supra; *United States v. Cox*, 995 F.2d 1041, 1043 (11th Cir. 1993); *United States v. Fernandez*, 905 F.2d 350 (11th Cir. 1990). Here, the two law enforcement officers who purchased crack cocaine from Defendant were not impeached to the degree that the "government's case had been marked by uncertainties and discrepancies." To the contrary, their identification of

---

[2] In considering a motion for new trial based on the weight of the evidence, the evidence is not viewed in the light most favorable to the government. *United States v. Martinez*, 763 F.2d 1297, 1312 (11th Cir. 1985). Rather, the evidence is weighed and the credibility of the witnesses may be considered. *Id.* In this Circuit, before such a motion is granted, "[t]he evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *Martinez*, 763 F. 2d at 1313; *see also United States v. Cox*, 995 F.2d 1041, 1044 (11th Cir. 1993). Here, it does not.

Defendant was not shaken and the evidence against Defendant was compelling.

Accordingly, Defendant's Motion for New Trial Under Rule 33 (Dkt. 48) is DENIED.

**DONE AND ORDERED** in chambers this 15th day of October, 2007.

*[signature]*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record